ROSS v. RAPHAEL TUCK & SONS CO.

(Circuit Court of Appeals, Second Circuit.    December 7, 1898.)

No. 23.

1. COPYRIGHTS—PENALTY FOR INSERTING FICTITIOUS NOTICE—SALE OF BOOKS.
Rev. St. § 4963, imposing a penalty on any person who shall insert or impress a copyright notice in or upon a book not copyrighted, did not, prior to its amendment in 1897, apply to a person knowingly selling a book containing a fictitious copyright notice, where he did not make the book, nor cause the notice to be inserted.

2. APPEAL—EXCEPTION TO DISCRETIONARY RULING.
Where the only objection made on an offer of testimony was that the question was leading, the ruling thereon was discretionary, and an exception saves no question for review.

In Error to the Circuit Court of the United States for the Southern District of New York.

This was an action by Peter A. Ross against the Raphael Tuck & Sons Company to recover a penalty.    Plaintiff brings error.

A. Bell Malcomson, for plaintiff in error.

Louis C. Raegener, for defendant in error.

Before WALLACE and SHIPMAN, Circuit Judges.

WALLACE, Circuit Judge.    This is a writ of error by the plaintiff in the court below to review a judgment for the defendant entered upon a verdict rendered by the direction of the trial judge.

The action was brought for the recovery of penalties given by section 4963, Rev. St. U. S.    That section, as it read before the amendment of 1897, provided that "any person who shall insert or impress" a copyright notice in or upon any book for which he has not obtained a copyright shall be liable to a penalty of $100, recoverable one-half for the person who shall sue and one-half to the use of the United States.

It appeared upon the trial that the defendant, a New York corporation, had bought of a London corporation certain books in which there was a fictitious copyright notice, and had sold them in this country in the summer of 1896.    There was evidence tending to show that the defendant gave an order to the London concern for the books, and they were manufactured for the London concern to fill that order.    Further than this there was no evidence tending to show that the defendant had caused the insertion of the fictitious copyright notice in the books, or knew that it was to be or had been inserted previous to receiving books.    The trial judge ruled that the evidence did not establish a cause of action, and directed a verdict.

Error is assigned of several observations of the trial judge when giving his exposition of the meaning of the statute, and also of his ruling directing a verdict.    Whether these observations were correct or not need not be considered.    If the ultimate ruling was right, it is quite immaterial whether or not it was reached upon a correct process of reasoning.

We are unable to distinguish the case from one of a sale in this country of a book by a person who has bought it knowing it to bear a fictitious copyright notice. The defendant did not make the books, or insert the notice in them. They were the property of the London concern until it delivered them to the defendant. The London concern was not the agent of the defendant, but an independent contractor in causing the books to be printed; and the persons who impressed or inserted the notices in the books were not the servants of the defendants. Penal statutes are not to be extended by construction to cover cases not within their plain meaning; and, if this statute had been intended to reach the case of a sale by a person of a book, knowing it to bear a fictitious copyright notice, that intention could have been easily expressed. As amended by congress in 1897, the statute subjects to the penalty every person "who shall knowingly issue or sell" any book bearing such notice, as well as every person "who shall insert or impress" such a notice. The case proved at the trial came within the terms of the new statute, but not within those of the pre-existing statute.

There are three assignments of error in rulings excluding or admitting testimony. The question put to the witness Evans was properly excluded as calling for a conclusion of the witness, and he was allowed to state all the facts within his knowledge relating to the subject-matter. As to the two questions which the witness Gabriel was allowed to answer, there was no ground of objection stated except that the question was leading. An exception upon that ground is never tenable, because the ruling is discretionary with the trial judge. The questions, however, were relevant, and the answers elicited unobjectionable, and valuable testimony.

We find no error in the record, and the judgment is affirmed, with costs.